[Civ. No. 7503. Third Dist. May 19, 1949.]

LESTER BAGLEY, Appellant, v. INTERNATIONAL HARVESTER COMPANY (a Corporation), Respondent.

Whitten Swafford and Barr & Hammond for Appellant.

Neumiller, Ditz, Beardslee & Sheppard for Respondent.

PEEK, J.—This is an appeal from a judgment of the trial court dismissing plaintiff's fourth amended complaint after an order of the court sustaining defendant's demurrer to said complaint without leave to amend had been entered.

The first cause of action, which is incorporated in its entirety in the second and third causes, alleged the corporate existence of the defendant; the purchase by plaintiff of an International K-11 truck from the defendant; that at the time of purchase the defendant, through its agent, orally warranted and represented that the truck was suitable for hauling logs in Siskiyou County; that plaintiff purchased the truck because of said representation and for no other reason, and that plaintiff used the truck for said purposes but that it was not suitable therefor—that it broke down and continued to break down when so used.

The second cause of action alleged that plaintiff notified defendant of the breakdown; that defendant orally represented to plaintiff that if he would continue to use the truck defendant in consideration of such use would repair the same

in such a manner that it could be used for the purpose contemplated; that the plaintiff continued to use the truck but that defendant failed to repair it.

The third cause of action alleged that defendant orally represented to plaintiff that if he would continue to use the truck the defendant would repair it in a manner suitable for the hauling of lumber; that at said time defendant intended to perform, various experiments upon the truck for its own information and use, and that it did so experiment for a period of five months; that if defendant did not make the foregoing representation plaintiff himself would have repaired the truck but did not in reliance upon said representation of defendant; that defendant wilfully concealed from plaintiff that the purported repairs were in effect experiments; that the defendant at the time of said representation did not intend to repair the truck and that plaintiff was unable to use the truck for the entire 1944 season thereby sustaining certain specified damage.

As appears from appellant's opening brief, but two contentions are made, both of which are without merit. (1) That the fourth amended complaint stated a cause of action for breach of an implied warranty of fitness, and (2) that said complaint stated a cause of action for breach of a contract to repair the truck, which contract contained an express warranty of fitness. ■ Such contentions pertain only to the first two causes of action, and since none are made in regard to the third cause of action it is deemed abandoned. (*Ellerhorst* v. *Blankman,* 102 Cal.App. 133 [282 P. 507].)

The three causes of action alleged in said complaint are neither separately discussed nor are specific allegations referred to in support of such contentions other than the general statement that the allegation that representations were made was sufficient to support a cause of action for breach of warranty.

In support of his first contention appellant briefly refers to his prior pleadings but makes no reference to his fourth amended complaint other than to describe it as "a terse brief pleading of basic facts."

■ From plaintiff's briefs it would appear that he has attempted to bring himself within the provisions of subsection 1 of section 1735 of the Civil Code, which reads:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer

or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.''

But by virtue of the allegations in his first cause of action that on or about a certain date he ''purchased a certain International K-11 truck from the defendant'' he also placed himself within the provisions of said section 4 of that same code provision, which provides:

''In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.''

However, as this court noted in *Drumar M. Co.* v. *Morris Ravine M. Co.*, 33 Cal.App.2d 492 [92 P.2d 424], quoting from 59 American Law Reports, page 1180, said subsection 4 is subject to certain qualifications, that is:

''. . . *The major question in determining the existence of an implied warranty of fitness for a particular purpose, is the reliance by the buyer upon the skill and judgment of the seller to select an article suitable for his needs, and the question as to whether the article was described by its trade name or trade mark, is not conclusive, if the other conditions exist which would raise an implied warranty of its character.''*

Applying these rules to the complaint now before us it is readily apparent that the bare allegation that the truck was represented as suitable for hauling logs in Siskiyou County is not such an allegation as would show that the seller was apprised of the specific hauling problems which confronted the plaintiff. In other words the truck may well have been suitable generally for hauling logs in that county and not for plaintiff's particular purpose, if any. Also, neither is it alleged that the seller pursuant to knowledge of the purchaser's demands selected the particular truck for that particular purpose. Furthermore it is not alleged that the buyer relied upon the skill and judgment of the seller in such selection nor is it averred that the agent making the alleged representation of suitability was acting in the course and scope of his agency in making such statement.

The basis for appellant's argument in support of his second cause of action is that ''he agreed to continue to use his truck'' and that such an allegation was sufficient under section 1605 of the Civil Code. However, it is readily apparent from an examination of the second cause of action that the plaintiff did not allege an agreement or promise by him with respect to the use of the truck pursuant to the alleged offer

of the defendant. All that plaintiff alleges is simply that the seller represented to plaintiff that if he would use the truck defendant would repair it and that thereafter "plaintiff continued to use said truck" but otherwise there is no allegation whatsoever of any acceptance of that offer on the part of the plaintiff. Where an offer is made for a particular act it is not enough to allege, as has the plaintiff, that he merely performed the act. An allegation of performance by him would necessarily have to show that it was done with intent to accept and in consideration of the offer. In other words that plaintiff's act in continuing the use of the truck was bargained for and given in exchange for the promise of defendant to repair it if he would continue to use the truck. (Rest., Contracts, § 75.)

Inasmuch as appellant has chosen to stand solely upon the sufficiency of his fourth amended complaint, and has raised no question as to whether the trial court abused its discretion in sustaining defendant's demurrer thereto without leave to amend, the order and judgment herein attacked must be sustained for the reasons hereinabove set forth.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.