Filed 4/22/15  Montenegro v. Bank of America CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ESTEBAN MONTENEGRO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants and Respondents. | B255460<br><br>(Los Angeles County<br>Super. Ct. No. EC060050) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John P. Doyle, Judge.  Reversed.

Esteban Montenegro, in pro. per.; and Steven E. Smith for Plaintiff and Appellant.

Bryan Cave, John W. Amberg and Sharon K. Brown for Defendants and Respondents.

\* \* \* \* \* \*

Plaintiff and appellant Esteban Montenegro sued Bank of America, N.A. and Recontrust Company, N.A. (collectively respondents) after it foreclosed on his real property. The trial court sustained a demurrer to Montenegro's third amended complaint, and Montenegro now challenges the ensuing judgment of dismissal. Because we conclude he stated a cause of action for violation of Civil Code section 2924.17[1]—which requires accurate and complete declarations in connection with a foreclosure—we reverse the judgment of dismissal.

## FACTS AND PROCEDURE

According to the third amended complaint, on December 1, 2006, Montenegro entered an agreement to purchase property located at 9825 Sunland Boulevard in Sunland, California (Property). Montenegro obtained an adjustable rate note and deed of trust securing a loan on the property but, according to him, did not receive a signed copy of the deed of trust and note. The recorded deed contains Montenegro's signature. According to the complaint, Recontrust Company was the trustee on the deed of trust.

In 2009, there was a foreclosure sale. The trustee's deed of sale was rescinded on March 9, 2012. At that time, Montenegro attempted to negotiate a new loan with Bank of America.

Montenegro was not permitted on the Property because of the foreclosure sale and could not access his mail there. On October 2, 2012, Bank of America issued a new notice of default. The declaration attached to the October 2, 2012 notice of default was void because it was signed by a "robosigner" and was dated almost two years earlier. On January 4, 2013, Bank of America recorded a notice of trustee's sale. The notice of trustee sale violated former section 2923.54 and was signed by a "robosigner" not qualified to sign the document. (Former section 2923.54 was repealed on January 1, 2011. The statute concerned loan modification programs.) A

---

[1]     All further statutory references are to the Civil Code unless otherwise indicated.

declaration of exemption pursuant to former section 2923.54 also was signed by a robosigner and was dated December 15, 2010 (over two years earlier).

On January 28, 2013, a second foreclosure sale occurred. At that time, Montenegro was attempting to modify his loan and was negotiating with Bank of America.

In a lawsuit filed on January 4, 2012, Montenegro alleged violations of section 2924.17 and Business and Professions Code section 17200. The alleged violation of section 2924.17 was based on the claim that the declaration in support of the notice of default and the declaration in support of the notice of trustee sale were not accurate or complete. The Business and Professions Code section 17200 claim was based on allegations that the bank had no intention to honor Montengro's modification requests, delayed the modification, and misrepresented that they had authority to modify his loan. Montenegro alleged that the bank represented foreclosure proceedings would not be initiated while he was seeking to modify his loan and that the declaration supporting the notice of trustee sale was invalid.

Respondents demurred to the third amended complaint on the grounds that section 2924.17 was not operative until January 1, 2013. Respondents argued that the notice of default, which Montenegro challenged as void, was recorded October 2, 2012, prior to the effective date of section 2924.17, the basis for Montenegro's challenge. Respondents also argued that Montenegro failed to allege the property was owner occupied, which it claimed was necessary for Montenegro's section 2924.17 claim.

The court sustained the demurrer to the third amended complaint and entered a judgment of dismissal. Our record contains no information regarding Montenegro's complaints preceding the third amended complaint and no information describing the

3

trial court's rulings on any of respondents' demurrers including the demurrer to the third amended complaint.**2**

## DISCUSSION

"""""On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.""""' [Citation.]  In reviewing the complaint, we must assume the truth of all facts properly pleaded by the plaintiff and matters properly judicially noticed.  [Citation.]  However, we "do not assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed."""'  (*Khodayari v. Mashburn* (2011) 200 Cal.App.4th 1184, 1189.)  As the appellant challenging the trial court's sustaining of a demurrer, Montenegro had the burden to "spell out in his brief the specific proposed amendments on appeal."  (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112.)

### 1.  Alleged Violation of Section 2924.17.

Section 2924.17 took effect January 1, 2013, as part of the Homeowner Bill of Rights.  (*Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 991, 950.)  It provides "A declaration recorded pursuant to Section 2923.5 or . . . pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence."  (§ 2924.17, subd. (a).)

---

**2**　　Both parties make statements without any citation to the record in violation of California Rules of Court, rule 8.204(a)(1)(C).  Both parties improperly rely on information that is not included in our record.  Although we have chosen to disregard the noncompliant briefs pursuant to section 8.204(e)(2)(C), we do not condone the practice of filing briefs without citation to the record.

As Montenegro argues, the plain language of this statute requires that a mortgage servicer provide accurate and complete declarations.

A. *Declaration to Notice of Default*

Montenegro challenges the declaration attached to the notice of default and the declaration attached to the notice of sale. With respect to the declaration attached to the notice of default, Montenegro fails to show section 2924.17 applies to the declaration attached to the notice of default because that declaration was filed before section 2924.17 became effective. (See *Rockridge Trust v. Wells Fargo, N.A.* (N.D.Cal. 2013) 985 F.Supp.2d 1110, 1152.)[3]

B. *Declaration to Notice of Trustee Sale*

With respect to the declaration attached to the notice of trustee sale, Montenegro alleged that it was not accurate and complete. With respect to this declaration, Montenegro has stated a violation of section 2924.17. The declaration attached to a notice of trustee sale is not governed by section 2923.5 as respondents argue. That statute applies only to notices of default. Therefore, respondents' argument that the property must be owner occupied because section 2923.5 requires it is not persuasive. Similarly, respondents fail to show that section 2923.55 applies to a declaration attached to a notice of trustee sale.

Respondents also argue that section 2924.17, subdivision (c) does not provide a private right of action for a single violation.[4] We need not determine whether section

---

[3]     Citing sections 2923.5 and 2924.15, respondents argue that the property must be owner occupied. We agree with respect to a notice of default. Section 2323.5 governs notices of default and applies only to mortgages pursuant to section 2924.15 (§ 2923.5, subd. (f)). Section 2924.15, subdivision (a) in turn limits its application to owner occupied residential property that "is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." But in addition to applying to notices of default and notices of sale, section 2924.17 also applies to a declaration relative to a foreclosure proceeding.

[4]     Section 2924.17, subdivision (c) provides: "Until January 1, 2018, any mortgage servicer that engages in multiple and repeated uncorrected violations of subdivision (b) in recording documents or filing documents in any court relative to a

5

2924.17 creates a private right of action because 2924.12 expressly creates such a right. Section 2924.12, subdivision (b) provides: "After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or *2924.17* by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)." (Italics added.) Other courts have held that this statute creates a private right of action. (*Alvarez v. BAC Home Loans Servicing, L.P., supra*, 228 Cal.App.4th at p. 951; *Rockridge Trust v. Wells Fargo, N.A., supra*, 985 F.Supp.2d at p. 1148.)

## 2. *Alleged Violation of Business and Professions Code Section 17200*

Montenegro presents no argument concerning his Business and Professions Code section 17200 claim and no discussion of how he has stated a cause of action. Because Montenegro identifies no error with respect to sustaining his demurrer as to the alleged violation of section 17200, we need not consider that cause of action. (*Galbiso v. Orosi Public Utility Dist.* (2010) 182 Cal.App.4th 652, 663 [burden of showing a complaint can be amended to state a cause of action falls on the plaintiff]; *Bagley v. International Harvester Co.* (1949) 91 Cal.App.2d 922, 924 [where demurrer

---

foreclosure proceeding shall be liable for a civil penalty of up to seven thousand five hundred dollars ($7,500) per mortgage or deed of trust in an action brought by a government entity identified in Section 17204 of the Business and Professions Code, or in an administrative proceeding brought by the Department of Business Oversight or the Bureau of Real Estate against a respective licensee, in addition to any other remedies available to these entities. This subdivision shall be inoperative on January 1, 2018."

is sustained without leave to amend, appellant's failure to raise any argument with respect to one cause of action results in abandonment of that cause of action].)

## DISPOSITION

The judgment of dismissal is reversed. The trial court is directed to vacate its order sustaining the demurrer in its entirety and enter a new order overruling the demurrer to the cause of action for violation of section 2924.17 and sustaining the demurrer to the cause of action for violation of Business and Professions Code section 17200. Montenegro is entitled to costs on appeal.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.


7