[Civ. No. 16038.   Second Dist., Div. One.   Mar. 10, 1948.]

JACK C. NULSEN, as Administrator, etc., Respondent, v. JOSEPH K. NULSEN, Appellant.

Joseph K. Nulsen, in pro. per., for Appellant.

Elza C. Mowry for Respondent.

THE COURT.—This is an appeal from an order denying a motion to vacate the judgment. Appellant appears in propria persona.

The action is to quiet title to property in Manhattan Beach alleged to be owned by the estate of Maude K. Nulsen. Appellant also appeared in propria persona as a defendant in the court below. Appellant's wife, also a defendant, was not represented by counsel at the trial.

Appellant's brief on appeal is a general argument and reference to details relating to litigation covering a period of 10 years. In substance appellant contends that, "in ten years of litigation, to recover the confiscated residential premises involved, appellant's cause has not been heard by any court, in any place, at any time." According to appellant the estate has also been litigated in Texas. Appellant's affidavit in support of the motion to set aside the judgment in the lower court alleges that, "Judge Vickers, in denying defendant the right to speak for himself and his wife in presenting the case, and in denying defendant's wife the right to appoint defendant to represent her, violated the interference boundaries established by the premise grant of 'equality and liberty' in our Declaration of Independence, to uphold and support which, our Federal Constitution was drafted."

In appellant's affidavit, as defendant in the lower court, objecting to the trial the following appears:

"At this time, the court should be briely informed as to the nature of these legal actions. They present a case in which a father, brothers and a sister, confiscate the wedding present home given to defendant and his wife by defendant's mother, the late Maude Nulsen. The property is taken, not because of any need for the home itself nor of the values it represents, but because of an athiestic hatred of the divine motive prompting the gift, and the divine use to which the premises were put as a truth center. The property has been seized, withheld from defendant and his wife over a period of years, gutted of their personal belongings, neglected, and allowed to deteriorate, for the same reason that Jesus Christ was persecuted and crucified by the people of his time, hatred of God.

"Litigation over this property commenced in the city of San Antonio, Texas, in the year 1936, when the death of the late Maude Nulsen afforded plaintiffs in this action an opportunity to seize the residence."

It appears from the record when the cause came on for trial the trial judge endeavored to persuade the defendants to obtain counsel and continued the matter until the afternoon for this purpose. The defendants did not return. The trial proceeded and plaintiffs were awarded judgment.

The record on appeal consists of the clerk's transcript only. And it is well settled that when the record on appeal consists of the judgment roll alone, only the alleged errors appearing therein may be considered. No such errors appear.

. As to appellant's other contentions and arguments on appeal, the record is incomplete, hence they are beside the issue. . Assuming, but not deciding, that an appeal lies in the circumstances, the record being free from errors, the order is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1948.