[Civ. No. 14726. First Dist., Div. Two. Mar. 19, 1952.]

HAZEL UTZ, Appellant, v. CARMELITA THEOBALD AUREGUY, as Administratrix, etc., et al., Respondents.

Alfred J. Hennessy for Appellant.

W. Byron Bryant, Jay Pfotenhauer and Simpson Finnell, Jr., for Respondents.

THE COURT.—This is an appeal on the judgment roll from a judgment dismissing the action.

The record consists of the third amended complaint; notice of motion to amend the same, and the amendment; motion to dismiss; demurrer to third amended complaint and to the amendment thereto; points and authorities; order of substitution; judgment; notice of appeal, and request for transcript.

The motion to dismiss the action was made on the grounds that "As originally begun with the filing of the complaint herein, the action was sham and based on false allegations" and the first, second and third amended complaints were "likewise sham and based upon false allegations"; that the filing of the third amended complaint and its amendment, and the maintenance of the action, "were and are an abuse of the process of the court by the plaintiff," and that "the interests of justice will be served by the dismissal . . ." The motion was based on four affidavits theretofore filed by defendants, and all the records, papers and pleadings, including the original complaint, the first, second and third amended complaints, the amendment to the latter, the demurrers and answers thereto, the motions to strike, and a deposition of the plaintiff.

Appellant, an attorney at law, sued for damages arising from being deprived of what she claimed to be her share in attorney fees recovered by respondents, from certain heirs of the late Michael F. O'Dea, whose estate—of large value—was in probate.

The judgment recites that after full argument on the motion and demurrer, the motion was granted and the demurrer sustained without leave to amend.

### The Record on Appeal

Although the motion to dismiss was based on (a) defendants' four affidavits, (b) *all* the pleadings in the case, and (c) a deposition of the plaintiff, this record contains none of them save the third amended complaint and its amendment and the demurrer thereto. Indeed the request for a transcript called for none of them; it called for the notice of appeal, the notice of motion and the motion to substitute a party, the order granting such motion, and for nothing else.

In the absence of defendants' four affidavits, plaintiff's counteraffidavits (if any were filed), plaintiff's deposition, and the first three complaints, all of which constituted the showing before the trial court, there is no way of knowing

anything about that showing. Without the three earlier complaints there is no basis for the comparison of one with another to ascertain if there were any departures, variances, inconsistencies, or conflicts within them, or other evidence of a shifting of theories, all of which as a rule are highly important on such a motion.

"It is incumbent upon the appellant to make it affirmatively appear that error was committed by the court below." (*Cockrill* v. *Clyma*, 98 Cal. 123, 126 [32 P. 888].)

"When an appeal . . . is to be determined upon the judgment roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken . . . If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith." (*Caruthers* v. *Hensley*, 90 Cal. 559, 560 [27 P. 411].) In *Riley* v. *Dunbar*, 55 Cal.App.2d 452, 455 [130 P.2d 771], the rule is restated and 2 Cal.Jur. § 499, p. 852 et seq. cited.

In *Helvey* v. *Security First Nat. Bank*, 99 Cal.App. 2d 149, 151 [221 P.2d 257], the court said: "No record of the evidence before the trial court has been supplied to this court. Therefore, it must be presumed that the evidence supports the order. (*Vieth* v. *Klett*, 88 Cal.App.2d 23 [198 P.2d 314]; *Lucich* v. *Lucich*, 75 Cal.App.2d 890 [172 P.2d 73].) . . . The superior court has inherent power to dismiss actions which are made to appear fictitious and sham. (*Cunha* v. *Anglo California National Bank*, 34 Cal.App.2d 383 [93 P.2d 572].)"

In *Oakley* v. *Rosen*, 76 Cal.App.2d 310, 312 [173 P.2d 55], the court said that it is "well settled that when an appeal is based upon the judgment roll alone a reversal cannot be ordered except for a fatal error on the face of the judgment."

In *Nulsen* v. *Nulsen*, 84 Cal.App.2d 306, 307 [190 P.2d 316], the court said: "The record on appeal consists of the clerk's transcript only. And it is well settled that when the record on appeal consists of the judgment roll alone, only the alleged errors appearing therein may be considered. No such errors appear." The same may be said here.

Since the adoption of rule 52, Rules on Appeal, if an error appears on the face of a judgment roll or other par-

tial transcript it is not to be presumed on appeal that the error was cured by some proceeding not appearing in the transcript (*Estate of Pierce*, 32 Cal.2d 265 [196 P.2d 1]; *Alkus* v. *Johnson Pacific Co.*, 80 Cal.App.2d 1 [181 P.2d 72]; *Palpar, Inc.* v. *Thayer*, 82 Cal.App.2d 578 [186 P.2d 748]) but it is still incumbent on an appellant to present a transcript which affirmatively shows on its face that an error occurred (*Palpar, Inc.* v. *Thayer*, 83 Cal.App.2d 809 [189 P.2d 752]; *Van Cise* v. *Lencioni*, 106 Cal.App.2d 341 [235 P.2d 236], and cases collected at p. 350; *Glogau* v. *Hagan*, 107 Cal.App.2d 313 [237 P.2d 329]).

## The Briefs on Appeal

Appellant's opening brief consists of seven pages, more than five of which are devoted to a statement of earlier procedural steps and an argument that the last complaint states a cause of action for fraud and deceit. It contains a short paragraph on the statute of limitations and one on exemplary damages. It presents no point and cites no authority attacking the dismissal. (See rule 13, Rules on Appeal, 36 Cal.2d 14.)

In respondents' brief counsel say: "the brief of appellant is so faulty that it presents difficulty in the making of a proper reply as it is not possible to determine from it upon what ground, if any, appellant is seeking to reverse the judgment of the lower court in granting the motion of respondents to dismiss the case . . ." With this we have to agree. Respondents add: "Appellant states that this is an appeal from the judgment granting the motion to dismiss the case but thereafter does not again in her brief mention the motion or the court's ruling thereon. We assume from such failure that appellant has abandoned her appeal from the judgment of dismissal."

Respondents quote the following from *Estate of Scott*, 90 Cal.App.2d 21, 24-25 [202 P.2d 357]: "the rule is settled that where, as in the instant case, the appealing party fails to furnish this court with either argument or authority upon a point urged as ground for reversal of the judgment, the point will be deemed to have been abandoned." Respondents cite also *Ver Bryck* v. *Luby*, 67 Cal.App.2d 842, 845 [155 P.2d 706]; *Bagley* v. *International Harvester Co.*, 91 Cal.App. 2d 922 [206 P.2d 43]; *Ellerhorst* v. *Blankman*, 102 Cal. App. 133 [282 P. 507]. None of these cases cited by respondents has been answered or even mentioned in appellant's closing brief.

In her closing brief appellant for the first time discusses the motion to dismiss, but only to the extent of citing general rules relating to sham and fictitious pleadings, and without attempting to point out how they are supposed to apply to this case. Such relationship or applicability of course could not very well be argued in the absence of a record showing what the trial court had before it on the motion.

There is no point in prolonging this discussion since the closing brief (a) is not only general insofar as the dismissal is concerned, and (b) fails entirely to answer the authorities cited by respondents, but (c) the case falls squarely within the following rule stated in 2 California Jurisprudence page 734: "In fairness to the court and to counsel for the respondents, every point relied on for research ["reversal" obviously] should be stated and argued in the opening brief for the appellant, and should not be presented for the first time in the reply brief. Points so presented will be passed over by the courts as a general rule . . ."

It follows that the judgment of dismissal must be affirmed.

No purpose will be served by a discussion of the demurrer which was sustained without leave to amend. If the motion to dismiss the action was well taken on the grounds on which it was based that ended the case.

The judgment is affirmed.