[Civ. No. 15220.   First Dist., Div. One.   Nov. 18, 1952.]

NORMAN B. GRIFFIN, Respondent, v. WILLIAM COM-
PERE et al., Appellants.

Albert D. Elledge for Appellants.

A. Don Duncan for Respondent.

PETERS, P. J.—Plaintiff brought this action against de-
fendants to recover a deficiency judgment on a promissory
note secured by a chattel mortgage after private sale of the
security.   Defendants appeal on the judgment roll alone.

In their five-page opening brief appellants urge that there
was a prior foreclosure action, which was later dismissed, and
contend that the bringing of such action, under section 726
of the Code of Civil Procedure, constituted a binding election
of remedies that barred, as a matter of law, the bringing of
the present action for the deficiency remaining after a sub-
sequent private sale of the security. When respondent, quite
properly, pointed out that the facts to support this defense,

which he challenged, did not appear in the record of the present judgment roll appeal, appellants countered with a motion to augment the present record by including the complete record of the prior foreclosure action, apparently introduced as an exhibit in the present action. That motion was denied. However, over objection of the counsel for respondent, counsel for appellants was then informed by this court that if he desired to move to convert the judgment roll appeal into a full record appeal, the court, subject to conditions, would look with favor upon such motion. Counsel elected not to make such motion and requested that the appeal be submitted on the judgment roll.

The defense here sought to be raised—i.e., election of remedies—was not pleaded by appellants in the trial court, although there is a reference to the prior foreclosure action in the pleadings of other defendants not parties to this appeal. ▮ It is incumbent, of course, on appellants to show error from the record. (*Utz* v. *Aureguy,* 109 Cal.App.2d 803 [241 P.2d 639]; *Nulsen* v. *Nulsen,* 84 Cal.App.2d 306 [190 P.2d 316].) This, they have failed to do.

▮ Moreover, even if the record did show, which it does not, that there had been a prior foreclosure action that was dismissed, that would not constitute, as a matter of law, such an election of remedies so as to preclude a later private sale and a suit for a deficiency. (*Commercial Centre Realty Co.* v. *Superior Court,* 7 Cal.2d 121 [59 P.2d 978, 107 A.L.R. 714]; *Nelson* v. *Bank of America,* 76 Cal.App.2d 501 [173 P.2d 322]; *Baumann* v. *Harrison,* 46 Cal.App.2d 84 [115 P.2d 530]; *Flack* v. *Boland,* 11 Cal.2d 103 [77 P.2d 1090]; *Carpenter* v. *Hamilton,* 59 Cal.App.2d 146 [138 P.2d 353]; *Carpenter* v. *Title Ins. & Trust Co.,* 71 Cal.App.2d 593 [163 P.2d 73]; see, generally, 6 A.L.R.2d 10.)

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.