Filed 11/17/20  Rieger v. Barrett CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DENNIS RIEGER et al., | D076329 |
| Plaintiffs, Cross-Defendants, and Respondents, | |
| v. | (Super. Ct. No. ECU09780) |
| JAMES G. BARRETT, | |
| Defendant, Cross-Complainant, and Appellant, | |
| TORRI E. BARRETT, | |
| Defendant and Appellant. | |


APPEALS from a judgment and postjudgment order of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed in part; reversed in part with directions.

James G. Barrett, in pro. per., for Defendant, Cross-Complainant, and Appellant.

Torri E. Barrett, in pro. per., for Defendant and Appellant.

Law Offices of Douglas C. Heumann and Douglas C. Heumann for Plaintiffs, Cross-Defendants, and Respondents.

James and Torri Barrett borrowed money from Salton Sea Estates III, LLC (SSE), a company managed by their (now former) friend Dennis Rieger. The purpose of the loan was to pay overdue property taxes on the Barretts' primary residence. The Barretts executed a grant deed for their property in favor of SSE, as well as a promissory note and deed of trust. The Barretts did not make payments as required, and this contentious litigation ensued.

SSE and Rieger sued the Barretts to quiet title, alleging ownership of the property, and for extortion and other claims. James Barrett (Barrett) countersued for various violations of state and federal lending law, slander of title, and filing a false lawsuit against real property. During the litigation, SSE initiated a nonjudicial foreclosure and purchased the property at a trustee's sale.

After a nonjury trial, the trial court quieted title to the property in favor of SSE based on the nonjudicial foreclosure and subsequent sale, but it rejected SSE and Rieger's remaining claims. It also rejected Barrett's claims against SSE and Rieger. The court awarded SSE and Rieger their attorney fees and costs.

The Barretts appeal. They raise numerous challenges to the judgment and fee award. Because the record does not include a reporter's transcript of the trial or other proceedings, most of these challenges are unsupported and ultimately unpersuasive. But one error appears on the face of the record: Based on the pleadings and applicable statutes, the trial court could not quiet title to the property based on SSE's foreclosure during the litigation. It was required to determine title to the property as of the date specified in Rieger and SSE's complaint, which was several years earlier. We therefore reverse

2

the judgment in part and remand for the limited purpose of reconsidering the quiet title cause of action and fee award in accordance with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

"Following the well-established rule of appellate review, we recite the facts in the light most favorable to the judgment." (*Hoffman v. Superior Ready Mix Concreate, L.P.* (2018) 30 Cal.App.5th 474, 478.) Additional facts will be discussed where relevant in the following section.

The Barretts purchased the property at issue in 2002. It is their primary residence. Thirteen years later, after apparently falling behind on their property taxes, the Barretts agreed to borrow money from SSE. Rieger is the managing member of SSE. The Barretts executed a promissory note in favor of SSE for the principal sum of $33,740.88. The terms of the note were seven percent interest per annum, payable in monthly interest-only installments of $303.27, with the entire balance and any remaining interest due in five years.[1]

SSE paid the Imperial County Tax Collector approximately $23,000 to settle the Barretts' outstanding property tax bill. In subsequent years, SSE paid approximately $4,000 more as taxes became due.

The note was secured by a deed of trust on the property. As part of the transaction, the Barretts also executed a grant deed transferring the property to SSE. The deed of trust and grant deed were subsequently recorded by SSE.

---

[1] Despite these written terms, the trial court later found based on the conduct of the parties that the promissory note did not represent an interest-only loan. It explained that "the [payment] amount makes no sense unless the loan is amortized" and SSE credited the Barretts' payments to both interest and principal.

After several months, the Barretts stopped making payments on the loan. SSE recorded a notice of default and election to sell under the deed of trust. It identified an "unpaid sum of $7,410.34 with interest from January 1, 2016 on the unpaid principal balance of $33,770.98 . . . ." (Underlining omitted.) In response, Barrett sent a letter purporting to rescind the loan under federal law. When SSE did not accept the rescission, Barrett sent Rieger a demand letter. He proposed to forego future litigation over the property in exchange for a quitclaim deed and $900. If Rieger did not agree, Barrett threatened litigation that would "mak[e] . . . a public court record" of various alleged illegal business practices at SSE.

In April 2017, SSE and Rieger filed suit against the Barretts for extortion (based on Barrett's demand letter) and to quiet title to the property, among other claims. In their operative complaint, SSE and Rieger alleged they entered into a transaction with the Barretts whereby the Barretts transferred the property to SSE in exchange for SSE paying all property taxes up to a limit of $33,740.88. They alleged, "The parties understood that upon repayment of all amounts owed, the property could be transferred back to [the Barretts]." They further alleged the Barretts signed a promissory note and deed of trust.

For its quiet title cause of action, SSE alleged it "is and at all times herein mentioned [was] the owner and/or entitled to possession of the Property." The Barretts "have no legal or equitable right, claim, or interest" in the property. SSE sought "a declaration that the title to the Premises is vested in [SSE] alone as of June 3, 2015, and that [the Barretts and various Doe defendants] be declared to have no estate, right, title or interest in the Premises . . . ." The specified date is the date the Barretts executed the grant deed, note, and deed of trust.

4

In their answer, the Barretts denied that SSE owned the property. They alleged they held title in fee simple. They did not intend by the grant deed to pass title to SSE; the promissory note and deed of trust reflected the true nature of the transaction.

Barrett cross-complained against Rieger and SSE. In his operative cross-complaint, Barrett alleged that Rieger and SSE violated state laws prohibiting predatory lending in real estate (Fin. Code, § 4970 et seq.) and unlicensed lending (*id.*, § 22000 et seq.), as well as the federal Truth in Lending Act (TILA; 15 U.S.C. § 1601 et seq.). Barrett also alleged a statutory claim for filing a false lawsuit against real property (Code Civ. Proc, § 765.040) and a common law claim for slander of title. He sought damages, civil penalties, an order voiding the promissory note and deed of trust, declaratory relief regarding same, an order striking the grant deed, and such other relief "as the court may deem proper."

Rieger and SSE answered the cross-complaint and denied that Barrett was entitled to any relief. They specifically denied that the grant deed was invalid or contained any false information.

In advance of trial, the parties submitted proposed pretrial statements, jury instructions, and verdict forms. For its quiet title cause of action, SSE proposed the following statement: "[SSE] argues that it is the owner of property . . . based on the Grant Deed with recording number 2016026451 which transferred the Property from [the Barretts] to [SSE]. To be a valid deed, the deed must describe the property, have been delivered and accepted." As its offer of proof, SSE stated that Rieger would testify that the grant deed was signed by the Barretts, delivered to SSE, and accepted. He would further testify that SSE had paid the property taxes on the property since 2006.

5

SSE proposed the following jury instruction for its quiet title cause of action: "[SSE] has established by clear and convincing evidence that . . . [¶] [the Barretts] delivered the Grant Deed transferring all their interest in the Property to [SSE]. [¶] Delivered as used in this context means [the Barretts] intended to convey ownership of the property and [SSE] accepted receipt of the ownership of the property. [¶] Delivery of the Grant Deed can be inferred when the 'grantee' [SSE] takes possession of the Grant Deed. [¶] A grantor's receipt of consideration is not necessary for a voluntary conveyance of real estate by deed. A deed is not void for lack of consideration received by the grantor for conveying the property." Similarly, SSE's proposed verdict form covered its quiet title cause of action with the following questions: (1) "Does the Grant Deed with recording number 2016026451 describe the property . . . [?]" (2) "Did [the Barretts] sign the Grant Deed?" (3) "Did [the Barretts] deliver the Grant Deed to [SSE]?" (4) "Did [SSE] accept the Grant Deed from [the Barretts]?"

Barrett's proposed pretrial statement on SSE's quiet title cause of action asserted that the grant deed was never a valid legal instrument. As his offer of proof, Barrett cited "all of the circumstances surrounding the events that occurred at the signing of the subject Promissory Note and the associated Deed of Trust, . . . as well as other behavior by all the parties such as Barrett making payments on the loan, [SSE] accepting them, [SSE] initiating, and then attempting to complete non-judicial foreclosure proceedings on the subject real property, plus the conclusive admissions found in [SSE's] answers to Barrett's [operative cross-complaint], wherein they admit that a valid Promissory Note and associated Deed of Trust was duly executed."

6

The day before the first day of trial, the court issued an order to show cause why SSE's quiet title cause of action should not be tried separately. The next day, Torri Barrett did not appear for trial. The court found that it could proceed in her absence. (See Code Civ. Proc., § 594.) None of the parties present (James Barrett, Rieger, or SSE) objected to severing the quite title cause of action. The court therefore proceeded to hold a nonjury trial on that claim.

As noted, the record does not contain a reporter's transcript of the trial. The court's trial minutes reflect that Rieger, Barrett, and an SSE employee testified. Rieger and SSE introduced the grant deed, and the court admitted it into evidence over Barrett's objection. Barrett introduced the promissory note and deed of trust, and the court admitted them into evidence. The notice of default was identified but not admitted. Other documents were identified and admitted.

At the conclusion of this portion of trial, the court's minutes reflect the following determination: "The Court finds it has been shown by clear and convincing evidence that the entire transaction was a security transaction for a loan. The Court finds a traditional mortgage was created, and finds that was the intent of the parties. The Court finds the deed of trust was intended to be the security interest. The Court states its tentative is to quiet title in favor of [SSE] pursuant to the sale under the deed of trust. The Court severs the issue for purposes of judgment."

The next day, Rieger and SSE waived a jury trial. The court proceeded with a nonjury trial on Rieger and SSE's remaining causes of action, as well as the entirety of Barrett's cross-complaint. Rieger, Barrett, and the SSE employee testified again. This portion of trial was not reported either. Among the documents admitted into evidence were the notice of default and a

7

recorded trustee's deed, dated six months before trial (and nine months after Rieger and SSE's operative complaint), conveying the property to SSE following nonjudicial foreclosure and sale.

The court directed the parties to submit written closing arguments. Rieger and SSE argued that they had proven their cause of action for extortion and claimed damages based on Rieger's anxiety and distress. Rieger and SSE argued that Barrett's claims for filing a false lawsuit against real property and slander of title were "moot" and Barrett had no standing to bring those claims in light of the court's finding that SSE had title to the property. As to Barrett's remaining claims, they primarily contended (1) Barrett had not shown the transaction was a "covered loan" for purposes of the predatory loan statute because its interest rate did not "exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity" (Fin. Code, § 4970, subd. (b)); (2) Barrett had not shown SSE was a "finance lender" regulated by the financial lending statutes (*id.*, § 22009) because its regular business was selling real estate through the use of installment land sale contracts (see *Verbeck v. Clymer* (1927) 202 Cal. 557, 562-563); (3) Barrett had no standing to bring a cause of action under the financial lending statutes because they did not provide for a private right of action; (4) Barrett had not shown that SSE "willfully" violated the financial lending statutes (Fin. Code, § 22750); (5) Barrett had not shown SSE was a "creditor" under the federal TILA (15 U.S.C. § 1602, subd. (g)); and (6) Barrett had not shown any damages based on lending or financing law violations.

In his written closing arguments, Barrett defended against Rieger and SSE's claims by asserting that (1) any alleged extortionary statements were protected by the litigation privilege (Civ. Code, § 47) and (2) the Barretts, not

8

SSE, had title to the property because the transaction was a loan secured by a deed of trust, the loan was usurious, and the foreclosure was invalid. In support of his own claims, Barrett argued (1) SSE included prohibited loan terms, charged excessive fees, and refused to provide proper loan documentation, all in violation of the predatory loan statutes (Fin. Code, §§ 4973, 4979, 4979.6); (2) SSE was a "finance lender" based on its sales transactions; (3) because SSE did not have a license, the loan was void; (4) SSE was a "creditor" under the TILA; and (5) SSE had violated the TILA by not requiring counseling (15 U.S.C. § 1639, subd. (u)) and by lending money without determining whether the Barretts had a reasonable ability to repay the loan (*id.*, § 1639c).

The trial court issued a written tentative decision in favor of Barrett on Rieger's extortion claim and in favor of Rieger and SSE on all of Barrett's claims. Regarding quiet title, the court wrote, "[Barrett] contends that the loan in question was usurious resulting in a forfeiture of all interest— therefore, the principle is not yet due and the loan is not in default. [¶] As noted below, the court finds that the conduct of the parties shows that the loan was not an 'interest only' loan, as the lender credited payments to interest *and* principal; [Barrett] offered no explanation of the payment amount given the interest rate, and the amount makes no sense unless the loan is amortized." The court went on to calculate an effective interest rate of slightly less than 10 percent. It concluded, "the court finds that the trustee's sale vested title in the buyer (here, defendant SSE), and title is quieted in the buyer as to any claims of [Barrett]." Barrett requested a statement of decision, and the court directed Rieger and SSE to prepare a proposed statement on some but not all of the issues identified by Barrett.

9

Barrett objected to the proposed statement of decision, the trial court struck the objections as inappropriate and argumentative, Barrett submitted revised objections, and the court struck them again. It explained that Barrett's revised objections, like the original, were "largely, if not entirely, argument as to the conclusions that the court should have reached, or an assertion of what the 'true' facts were."

The court's statement of decision was consistent with its tentative decision. The court found that Barrett attempted to extort Rieger, but he did not intend to cause severe emotional distress and Rieger did not show he had suffered such distress. The court therefore found in favor of Barrett and against Rieger on his extortion claim. For SSE's quiet title cause of action, the court repeated its analysis from the tentative decision. The court found that the loan was in default at the time of the foreclosure, the trustee's sale vested title in SSE, and title was therefore quieted as to any claims by Barrett. The court explained, "the grant deed was executed in error, and the parties intended the deed of trust to replace the grant deed as security for the loan."

As to Barrett's claim under the predatory lending statutes, the court found that it need not decide whether the loan was a "covered loan" because any violations were not willful and Barrett had not shown any actual damages. The court wrote, "It is undisputed that the loan in question was far outside the normal business of [Rieger and SSE], as is[] further evidenced by the amateurish initiation and documentation of the loan. [¶] Tellingly, [Barrett] stated at trial that 'it was a friend to a friend loan—just a friend loaning a friend money.' [¶] This Court finds that the transaction in question was a casual loan by [Rieger] to a (former) friend in order to help that former friend out of financial trouble. [Rieger] was not in the business of

10

making such loans, and any regulatory or statutory violations were inadvertent."

The court found that Barrett did not have standing to enforce California's lender licensing statute. (Fin. Code, § 22100, subds. (a), (d).) Moreover, Barrett had not shown any willful violation of the financing statutes or actual damages. (*Id.*, § 22750.)

As to the federal TILA, the court found that SSE and Rieger were not "creditors" covered by the statute. (15 U.S.C. § 1602, subd. (g).) Their regular business is the sale of vacant land through installment sales contracts, and Barrett had not offered any evidence to show that purchase of those properties was for personal or household purposes. It explained, "[Rieger] testified that the bulk of the purchasers intended to profit from appreciation of the properties, while some hoped to build on the properties at later dates if market and financial conditions permitted." Citing *Eby v. Reb Realty* (9th Cir. 1974) 495 F.2d 646 (*Eby*), the court found that the TILA did not apply to isolated, incidental, and " 'friend to a friend' " transactions like the one at issue here. The court therefore found it did not need to decide whether any provisions of the TILA were violated.

Rieger and SSE submitted a proposed judgment. Barrett objected to the proposed adjudication of the quiet title cause of action in SSE's favor. He argued that the quiet title statutes required SSE to seek a determination of rights to the property on a specific date, no later than the date of its complaint. (See Code Civ. Proc., § 761.020.) Barrett pointed out that SSE's operative complaint specified a date of June 3, 2015 and it relied on the grant deed found invalid by the court. Barrett therefore proposed that the judgment should be in favor of the Barretts, " 'as holders of title in fee simple on June 3, 2015.' "

11

A week later, the court entered judgment as proposed by Rieger and SSE. On the quiet title cause of action, it found in favor of SSE. It stated, "Pursuant to California Code of Civil Procedure section[] 764.010 et seq., [t]itle to the property described in the attached Exhibit A is quieted as to any interest of [the Barretts]." For the remaining causes of action in the complaint and cross-complaint, the court entered judgment in accordance with its statement of decision. Specifically, the court found that Barrett was not entitled to any recovery on any of his causes of action, and the court denied his requests for declaratory and injunctive relief.

Barrett moved for a new trial. On SSE's quiet title cause of action, Barrett reiterated his objections to the proposed judgment. He argued "it was an error of law to find or conclude anything about anything that had to do with a non-judicial foreclosure sale that purportedly transpired *357 days after* the instant quiet title action was filed by [SSE and Rieger], and which was based on a claim of fee simple via a grant deed." He wrote that "this Court erred by entertaining the issue of whether or not there was a default in a deed of trust which then supposedly resulted in a non-judicial foreclosure sale that purportedly occurred almost a year after the quiet title action was initiated by [SSE and Rieger]." Barrett also attacked the validity of the foreclosure on various grounds. Barrett disputed the court's finding that SSE and Rieger were not "creditors" under the TILA as contrary to the evidence at trial and based on a misinterpretation of the statute. As part of his motion for a new trial, Barrett submitted objections to the court's statement of decision again.

Rieger and SSE opposed the motion for a new trial. On quiet title, they argued that the court's judgment was proper because Barrett's cross-complaint requested declaratory relief regarding the validity of the note, the

12

deed of trust, and the notice of default, as well as " 'any other and further relief as the court may deem proper.' "  Rieger and SSE further argued that the loan was properly in default and SSE was not a "creditor" under the TILA.

The court heard argument on the new trial motion, but any reporter's transcript is not part of the record.  In a minute order, the court denied Barrett's motion without explanation.  Later, the court awarded Rieger and SSE approximately $65,000 in attorney fees and $2,500 in costs.  The Barretts appeal.

DISCUSSION

I

*Quiet Title*

The Barretts contend the trial court erred by quieting title in favor of SSE.  They point out that SSE's complaint requested a determination of title to the property as of June 3, 2015, and SSE alleged ownership based on a grant deed.  Because the court later found the grant deed invalid, the Barretts argue, the trial court should have quieted title in favor of the Barretts as of the specified date.  In their view, the court's determination of title as of the date of trial was outside the pleadings and therefore error.  We agree the court erred and remand for further proceedings.

A complaint alleging a quiet title cause of action must be verified and must contain certain allegations.  (Code Civ. Proc., § 761.020.)  It must describe the property, it must identify the title claimed by the plaintiff (and basis for the claim), it must identify any adverse claims, it must specify the date as of which determination is sought, and it must include a prayer for the determination of the title of the plaintiff against the adverse claims.  (*Ibid.*)

An answer to a quiet title complaint must also be verified. (Code Civ. Proc., § 761.030, subd. (a).) It must set forth any claim the defendant has, any facts rebutting the material allegations of the complaint, and any new matter constituting a defense. (*Ibid*.) A quiet title defendant may file a cross-complaint seeking affirmative relief, including a determination of title as of a date other than the date specified in the complaint. (*Id*., § 761.040.)

Unless the defendant requests an alternate determination, the plaintiff's claim remains the focus of the quiet title proceedings. " 'The plaintiff may recover only upon the strength of his or her own title . . . and not upon the weakness of the defendant's title.' " (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1195.) As the statute directs, "The court shall examine into and determine the plaintiff's title against the claims of all the defendants. The court shall not enter judgment by default but shall in all cases require evidence of plaintiff's title and hear such evidence as may be offered respecting the claims of any of the defendants, other than claims the validity of which is admitted by the plaintiff in the complaint. The court shall render judgment in accordance with the evidence and the law." (Code Civ. Proc., § 764.010.)

As noted, "a quiet title plaintiff must identify the 'date as of which the determination' of title is sought. (Code Civ. Proc., § 761.020, subd. (d).) The date is to be the date of filing the complaint or, if the plaintiff so chooses, an earlier date. [Citation.] Thus, in a quiet title action, the trial court's judgment adjudicates title as of a date *prior to* the judgment; the court's determination establishes title as of the date of the complaint (or some earlier date). This is as it should be; the trial court takes evidence of the state of title at a particular point in the past. The court does not, and cannot, take evidence of every act which may affect the title up until the moment of

judgment." (*Deutsche Bank National Trust Co. v. McGurk* (2012) 206 Cal.App.4th 201, 213 (*Deutsche Bank*).)

SSE alleged in its operative complaint that it held title based on a grant deed from the Barretts and requested a determination of title as of June 3, 2015. Its proposed pretrial statement, jury instructions, and verdict forms likewise relied on this theory. The Barretts denied that the grant deed was valid, both in their answer and their proposed pretrial statement. They did not request a determination of title as of any alternate date.

The trial court's role, as framed by the pleadings, was to determine whether SSE's claim to title to the property as of June 3, 2015 was valid. (See Code Civ. Proc., § 764.010; *Deutsche Bank*, *supra*, 206 Cal.App.4th at p. 213.) In its tentative decision, the court impliedly determined that the grant deed was invalid. It stated, "The Court finds it has been shown by clear and convincing evidence that the entire transaction was a security transaction for a loan. The Court finds a traditional mortgage was created, and finds that was the intent of the parties. The Court finds the deed of trust was intended to be the security interest." The court's statement of decision explained that the "grant deed was executed in error, and the parties intended the deed of trust to replace the grant deed as security for the loan." These factual findings conclusively refute SSE's claim of title as of June 3, 2015 based on the grant deed.

But, rather than quiet title in favor of the Barretts as of June 3, 2015, the court indicated that it would quiet title in favor of SSE based on the nonjudicial foreclosure and sale that occurred during the litigation *after* SSE's operative complaint. The court's statement of decision concluded that "the trustee's sale vested title in [SSE], and title is quieted in the buyer [i.e., SSE] as to any claims of [Barrett]." Based on these findings, the court's

15

judgment found in favor of SSE on its quiet title cause of action and quieted title as to any interest of the Barretts.[2]

The court erred by considering events during the litigation, beyond the scope of the pleadings, and quieting title in favor of SSE as of the date of judgment. "The rule is well settled in this state that findings on issues not made by the pleadings must be disregarded, and cannot furnish support for a judgment." (*Simmons v. Simmons* (1913) 166 Cal. 438, 441; accord, *County of Los Angeles v. Superior Court* (2015) 242 Cal.App.4th 475, 488 (*County of Los Angeles*) ["[A] court may not grant relief that is not encompassed within the issues framed by the pleadings."]; 7 Witkin, Cal. Procedure (5th ed. 2020) Judgments, § 29.) While the issues as framed by the pleadings may be expanded at trial, we cannot assume such expansion where as here a reporter's transcript of the trial is not available. (*Marvin v. Marvin* (1981) 122 Cal.App.3d 871, 875 ["[S]ince we do not have before us the evidence taken at trial and there was no pretrial order expanding the issues, we can look only to the pleadings to determine the issues between the parties."]; *Palpar, Inc. v. Thayer* (1947) 82 Cal.App.2d 578, 582-583.) This approach is a consequence of the general principle that, even in the absence of a reporter's transcript, we presume that the record on appeal contains everything necessary to our decision if an error appears on the face of the record. (Cal. Rules of Court, rule 8.163; *Dumas v. Stark* (1961) 56 Cal.2d 673, 674.)

---

[2]    As explained above, Barrett objected to the proposed judgment on this cause of action, citing the scope of the pleadings and the court's factual finding that the grant deed was invalid. He requested that the judgment be modified to reflect that the Barretts held title to the property as of June 3, 2015. After entry of judgment, he raised the same and similar objections in his motion for a new trial and objections to the statement of decision. (See Code Civ. Proc., §§ 634, 657.) He relied on the quiet title statutes and *Deutsche Bank, supra,* 206 Cal.App.4th 201.

If an error appears on the face of the record, we do not assume that an unreported proceeding justified the court's otherwise erroneous action. (*Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 806-807; see generally 9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, §§ 356-360.) The court's error here is apparent on the face of the record, and the judgment on SSE's quiet title cause of action must be reversed. (See *Simmons*, at p. 442; *Marvin*, at p. 875.)

SSE claims its cause of action for quiet title was not exclusively based on the grant deed. SSE's operative complaint, however, was filed before the nonjudicial foreclosure proceedings that (under SSE's later theory) transferred title to the property based on the trustee's deed. The operative complaint alleged the existence of the note and deed of trust, but they could not have provided a basis for quieting title in SSE's favor at that time. Moreover, SSE requested a determination of title to the property as of June 3, 2015. The nonjudicial foreclosure, which occurred almost three years later, could not provide any basis for SSE's title as of that date. Citing *Carpenter v. Smallpage* (1934) 220 Cal. 129, 132, SSE points out that upon foreclosure the interest of a purchaser at a trustee's sale generally relates back to the date of the underlying deed of trust. But this principle governs the priority of competing interests, it does not mean that the purchaser holds actual title as of a date prior to the foreclosure sale. (See 5 Miller & Starr, Cal. Real Estate (4th ed. 2020) § 13:252.)

Relatedly, SSE claims the trial court was required to consider any consequences of the nonjudicial foreclosure because it must examine all competing claims to the property. (See Code Civ. Proc., § 764.010.) SSE misinterprets the statute. The trial court was required to examine any claims that would compete with the claim asserted by SSE. SSE asserted a

17

claim as of June 3, 2015, based on a grant deed. The court should have examined the Barretts' competing claim as of that date. The later nonjudicial foreclosure was not relevant to that examination because it had not yet occurred.

SSE argues that Barrett did not adequately memorialize an objection to evidence concerning the nonjudicial foreclosure. SSE does not show that evidence of foreclosure was offered during trial on the quiet title cause of action. (The court's minutes reflect that the trustee's deed was not identified or admitted into evidence during that portion of trial.) Nor does SSE show that such evidence was irrelevant to any other issue. The introduction of otherwise-relevant evidence, without more, does not expand the issues to be adjudicated at trial. (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 32; *J.R. Norton Co. v. Agricultural Labor Relations Bd.* (1987) 192 Cal.App.3d 874, 888.)

SSE also argues that the court's judgment is justified by Barrett's cross-complaint. We disagree. The cross-complaint alleged that the grant deed, promissory note, and deed of trust were invalid and it requested cancellation of those instruments. It did not put at issue the title to the property following a nonjudicial foreclosure sale that had not yet occurred when the cross-complaint was filed. SSE claims that Barrett sought a declaration regarding the validity of the notice of default, but it does not provide any citation to the cross-complaint supporting such a claim. We likewise reject SSE's suggestion that Barrett's request for such other relief "as the court may deem proper" put at issue title to the property after a foreclosure that had not even occurred yet. (See *County of Los Angeles*, *supra*, 242 Cal.App.4th at pp. 488-489 [request for "such other and further

18

relief as [the court] may deem just and proper" cannot expand the issues encompassed by the pleadings].)

We therefore reverse the judgment in part with directions to reconsider SSE's quiet title cause of action. We emphasize that the result here does *not* reflect any conclusion that the foreclosure sale was invalid or that SSE did not have valid title to the property as of the date of trial. We need not and do not consider these substantive issues or their various subsidiary questions (including whether the loan was usurious). We conclude only that the trial court erred by rendering judgment on issues not encompassed by the pleadings in this lawsuit.[3]

## II

### *Barrett's Cross-Complaint*

Barrett raises a number of contentions related to the trial court's adjudication of the causes of action in his cross-complaint. We begin with the fundamental principle, alluded to above, that any error must be affirmatively shown by the record on appeal, and the court's judgment is otherwise presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'All intendments and presumptions are indulged to support it on matters as

---

[3] Because we reverse the judgment, we likewise reverse the order granting Rieger and SSE's motion for attorney fees and costs. We therefore need not consider the Barretts' additional arguments regarding that order. To the extent SSE argues that Torri Barrett lacks standing to appeal the judgment on SSE's quiet title cause of action, we disagree. She was a party to the trial court proceedings who is aggrieved by the judgment against her on Rieger and SSE's complaint. (Code Civ. Proc., § 902.) (We need not decide whether she had standing to appeal the judgment on James Barrett's cross-complaint.) Torri Barrett's failure to appear at trial does not foreclose her right to appeal an adverse judgment. (9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 33.) Moreover, James Barrett is authorized by statute to represent his spouse's interests in response to Rieger and SSE's complaint. (Code Civ. Proc., § 371.)

to which the record is silent . . . .' " (*Ibid*.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) These standards apply equally to self-represented litigants like the Barretts. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Regarding his cause of action under California's predatory loan statutes, Barrett contends the court erred by not explaining its interpretation of "willful" in its statement of decision, where it found that Barrett could not prevail because he had not shown that Rieger or SSE willfully violated the statutes. Barrett does not cite any authority supporting his contention that the trial court was required to define "willful" in its statement of decision. "The court's statement of decision is sufficient if it fairly discloses the court's determination as to the ultimate facts and material issues in the case." (*Golden Eagle Ins. Co. v. Foremost Ins. Co.* (1993) 20 Cal.App.4th 1372, 1380 (*Golden Eagle*).) The court's statement of decision made factual findings regarding the loan and, based on those findings, found that any violation of the predatory loan statutes was not willful. It sufficiently discloses the court's determination and its reasoning. While Barrett asserts that there are many definitions of "willful," he does not identify any such definitions, make any argument regarding what the correct definition should be, or contend that the court's factual findings would not support the judgment under the correct definition. Barrett has not shown error, prejudicial or otherwise. Barrett also contends the court erred by finding he had suffered no damages. Because that was an alternate finding, any error was harmless because the

court would have reached the same result regardless. We therefore need not consider it.

Regarding his cause of action under California's financing statutes, Barrett asserts the court erred by finding that Barrett did not have standing to assert a violation of the statute's licensing requirement. (Fin. Code, § 22100, subds. (a), (d).) He argues that Finance Code section 22750, subdivision (b) authorizes a private right of action for declaratory relief. The statute provides, "If any provision of this division is willfully violated in the making or collection of a loan, whether by a licensee or by an unlicensed person subject to this division, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction." (*Ibid*.) Contrary to Barrett's characterization, the court accepted that he might have an action for declaratory relief under this section, but it found that Barrett had not shown a "willful" violation or actual damages. It wrote, "The Court need not consider whether [Barrett] could request declaratory relief under [the] California Financing Law because [Barrett] failed to prove any willful violation or actual damages as a result of the transaction." Barrett has not shown the court erred.

Regarding his cause of action under the federal TILA, Barrett primarily argues that the evidence did not support the court's factual finding that Rieger and SSE were not "creditors" under the statute. The statute defines a "creditor" as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially

21

payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." (15 U.S.C. § 1602, subd. (g).) Consumer credit is a transaction "in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." (*Id.*, § 1602, subd. (i).)

The trial court found that Rieger and SSE's regular business did not involve consumer credit and therefore they were not "creditors" under the federal TILA. It wrote, "[SSE and Rieger's] regular business is the sale of vacant property (owned by [SSE]) through installment sales contracts. [Barrett] introduced no evidence to show that the purchase of the properties was for personal or household purposes. [Rieger] testified that the bulk of the purchasers intended to profit from appreciation of the properties, while some hoped to build on the properties at later dates if market and financial conditions permitted."

Referencing certain trial exhibits and what he "recalls" the testimony at trial to be, Barrett argues that the evidence at trial was contrary to the trial court findings. Without a reporter's transcript, however, we cannot assess the sufficiency of the evidence to support the court's factual findings. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Nothing on the face of the

record precludes a finding that Rieger and SSE are not creditors under the federal TILA. Barrett has not shown error.

Barret also argues that the trial court committed legal error in its statement of decision by finding that the federal TILA did not apply to "isolated or incidental" transactions of the lender. The court's statement was not legally erroneous. The statute applies to lenders who "regularly" extend consumer credit. (15 U.S.C. § 1602, subd. (g).) A federal regulation cited by Barrett explains that a person regularly extends consumer credit only if it extended credit more than 25 times (or more than five times for transactions secured by a dwelling) in the preceding calendar year. (12 C.F.R. § 1026.2(a)(17)(v) (2020).) The court reasonably characterized the thrust of those requirements as excluding lenders who engage in "isolated or incidental" consumer credit transactions. (See *Eby, supra*, 495 F.2d at p. 649 ["lenders whose extensions of credit are an occasional, isolated, and

incidental portion of their business" are not covered].)  Barrett has not shown the court erred.[4]

Finally, to the extent Barrett seeks to bolster the contentions discussed above by purporting to incorporate by reference his objections and other papers filed in the trial court, we reject such an attempt.  (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656 ["The appellant may not simply incorporate by reference arguments made in papers filed in the trial court, rather than briefing them on appeal."].)  We consider only the arguments and authorities set forth in Barrett's appellate briefing.

## III

### *Discovery Order*

Barrett also challenges a pretrial discovery order.  Barrett served requests for admission on SSE.  When it did not respond, Barrett filed a

---

4  Barrett cites the staff commentary on the regulation, which explains, "Once one of the numerical tests is satisfied, the person is also a creditor for the other type of credit.  For example, in 2007 a person extends consumer credit secured by a dwelling 5 times.  That person is a creditor for all succeeding credit extensions, whether they involve credit secured by a dwelling or not." (12 C.F.R. § 1026 (2020) Supp. I, pt. 1, ¶ 2(a)(17)(i), com. 6.) This commentary is not inconsistent with the court's interpretation of the statute as not applying to "isolated or incidental" transactions. (See *Eby*, *supra*, 495 F.2d at p. 650.)  Any error in the court's additional finding, that the federal TILA would not apply to this " 'friend to a friend' " transaction "even if" Rieger and SSE were creditors under the statute, is harmless because it was an alternate basis for the judgment.  The court's primary finding, that Barrett did not introduce any evidence to show that SSE's land sales were for personal or household purposes, is sufficient to support its judgment on this cause of action.  Relatedly, Barrett criticizes the statement of decision for not quantifying the number of SSE's land sales that were or were not for household purchases.  But the trial court found that Barrett had not introduced evidence that *any* of the land sales were for personal or household purposes.  The statement of decision is sufficient.  (See *Golden Eagle*, *supra*, 20 Cal.App.4th at p. 1380.)

motion to deem the matters admitted.  (Code Civ. Proc., § 2033.280.)  SSE opposed the motion and served belated responses.  The responses denied some requests but admitted many others.  In his reply, Barrett contended that SSE could not validly serve any responses because its license to do business had been suspended by the Franchise Tax Board.  At the hearing, SSE's counsel represented that its corporate status had been revived.  The court denied the motion.

Barrett contends the court erred by accepting the representation of SSE's counsel, applying the revival to the belated responses, and denying his motion.  He argues the motion should have been granted and the matters deemed admitted.  Even assuming (without deciding) that the court erred, Barrett must show that the error was prejudicial, i.e., there is a reasonable probability he would have achieved a better outcome in the litigation if his motion had been granted.  (See *MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1045.)  Barrett has made no such showing.  He does not discuss the substance of the requests for admission or how a deemed admission would have affected the judgment.  We will not develop Barrett's argument for him.  (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)  It is irrelevant whether or not the court's obligation to deem the matters admitted was "mandatory" under the discovery statutes, as Barrett claims.  He must still show that the error was prejudicial (see *MacQuiddy*, at p. 1045; see also *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107-1108), and he has not done so.

## DISPOSITION

The judgment is reversed in part as to SSE's quiet title cause of action.  The postjudgment order granting attorney fees and costs is reversed.  On remand, the trial court shall reconsider SSE's quiet title cause of action in

25

conformity with the views expressed herein, receive such additional evidence as the court deems necessary and appropriate, make new findings of fact and conclusions of law, and enter judgment accordingly.  In all other respects, the judgment is affirmed.  The parties shall bear their own costs on appeal.


                                                      GUERRERO, J.

WE CONCUR:



HALLER, Acting P. J.



DATO, J.


26